IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2008 APR 21 PM 3: 08

TX EASTERN-MARSHALL

BY_____

DATATERN, INC.
     Plaintiff,

     v.

(1)    BANK OF AMERICA CORP.;
(2)    BANK OF AMERICA, N.A.;
(3)    DELTA AIR LINES, INC.;
(4)    EXPEDIA, INC.;
(5)    HOTELS.COM;
(6)    HOTELS.COM LP;
(7)    HOTELS.COM GP, LLC;
(8)    TRAVELNOW.COM, INC.;
(9)    TRIPADVISOR LLC;
(10)   HILTON HOSPITALITY, INC.;
(11)   HILTON HOTELS CORP.;
(12)   HAMPTON INNS, INC.;
(13)   DOUBLETREE HOTELS, CORP.;
(14)   CONRAD HOTELS USA, INC.;
(15)   CONRAD HOSPITALITY LLC;
(16)   CONRAD HOTELS WORLDWIDE,
       LLC;
(17)   MARTHA STEWART LIVING
       OMNIMEDIA, INC.;
(18)   QVC, INC.;
(19)   RED HAT, INC.;
(20)   RED HAT MIDDLEWARE LLC;
(21)   SHARP ELECTRONICS CORP.;
(22)   VISA, INC.;
(23)   VISA U.S.A., INC.; and
(24)   WACHOVIA CORP.
     Defendants.

Civil Action No.   5 - 08 C V - 7 0  

JURY TRIAL DEMANDED

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which DataTern, Inc. makes the following

allegations against Bank of America Corp., Bank of America, N.A., Delta Air Lines, Inc.,

Expedia, Inc., Hotels.com, Hotels.com, LP, Hotels.com GP, LLC, TravelNow.com, Inc.,

TripAdvisor LLC, Hilton Hospitality, Inc., Hilton Hotels Corp., Hampton Inns, Inc., Doubletree

Hotels, Corp., Conrad Hotels USA, Inc., Conrad Hospitality LLC, Conrad Hotels Worldwide,

LLC, Martha Stewart Living Omnimedia, Inc., QVC, Inc., Red Hat, Inc., Red Hat Middleware

LLC, Sharp Electronics Corp., Visa, Inc., Visa U.S.A., Inc., and Wachovia Corp. (collectively

the "Defendants").

## PARTIES

1.    Plaintiff DataTern, Inc. ("Plaintiff") is a Texas corporation pursuant to Chapter 10

of the Texas Business Organizations Code and is doing business in this District.

2.    On information and belief, Defendant Bank of America Corporation. ("BOA") is

a Delaware corporation with its principal place of business at 100 N. Tryon Street, Charlotte, NC

28255  BOA is qualified to do business in the State of Texas and has appointed CT Corporation

System, 350 N. St. Paul Street, Dallas, TX 75201, as its agent for service of process

3.    On information and belief, Defendant Bank of America, NA. ("BOA NA") is a

subsidiary of BOA with its principal place of business at 100 Tryon Street, Charlotte, NC 28255.

BOA NA may be served through its registered agent at CT Corporation System, 350 N. St. Paul

Street, Dallas, TX 75201.

4.    On information and belief, Defendant Delta Air Lines, Inc. ("Delta") is a

Delaware corporation with its principal place of business located at 1030 Delta Boulevard,

Atlanta, GA 30320-6001  Delta is qualified to do business in the State of Texas and has

appointed United States Corporation Co., 701 Brazos Street, Suite 1050, Austin, TX 78701 as its

agent for service of process.

5    On information and belief, Defendant Expedia, Inc. ("Expedia") is a Delaware

corporation with its principal place of business at 3150 139th Avenue SE, Bellevue, Washington

98005. Expedia is qualified to do business in the State of Texas and has appointed National Registered Agents, Inc., 1614 Sydney Baker Street, Kerrville, Texas 78028 as its agent for service of process.

6.    34. On information and belief, Defendant Hotels.com ("Hotels.com") is a Delaware corporation with its corporate headquarters and principal place of business at 10440 N. Central Expressway, Suite 400, Dallas, Texas 75231. Hotels.com has appointed National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904 as its agent for service of process.

7.    On information and belief, Defendant Hotels.com, L.P. ("Hotels.com LP") is a Texas limited partnership with its corporate headquarters and principal place of business at 10440 N. Central Expressway, Suite 400, Dallas, Texas 75231. Hotels.com LP has appointed National Registered Agents, Inc., 1614 Sydney Baker Street, Kerrville, Texas 78028 as its agent for service of process.

8.    On information and belief, Defendant Hotels.com GP, LLC ("Hotels.com GP") is a Texas limited liability company with its corporate headquarters and principal place of business at 10440 N. Central Expressway, Suite 400, Dallas, Texas 75231. Hotels.com GP has appointed National Registered Agents, Inc., 1614 Sydney Baker Street, Kerrville, Texas 78028 as its agent for service of process.

9.    On information and belief, Defendant TravelNow.com Inc. ("TravelNow") is a Delaware corporation with its corporate headquarters and principal place of business at 4124 S. McCann Court, Springfield, Missouri 65804. TravelNow has appointed its National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904 as its agent for service of process.

10.    On information and belief, Defendant TripAdvisor LLC ("TripAdvisor") is a Delaware limited liability company with its corporate headquarters and principal place of business at 464 Hillside Avenue, Suite 304, Needham, Massachusetts 02494. TripAdvisor has appointed National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904 as its agent for service of process.

11.    On information and belief, Defendant Hilton Hospitality, Inc. ("Hilton Hospitality") is a Nevada corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Hilton Hospitality has appointed Corporation Service Company, 502 E John St., Carson City, NV 89706 as its agent for service of process.

12.    On information and belief, Defendant Hilton Hotels Corporation ("Hilton") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Hilton has appointed United States Corporation Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

13.    On information and belief, Defendant Hampton Inns, Inc. ("Hampton") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Hampton has appointed Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

14.    On information and belief, Defendant Doubletree Hotels Corp. ("Doubletree") is an Arizona corporation with its corporate headquarters and principal place of business at 755

Crossover Lane, Memphis, Tennessee 38117. Doubletree has appointed Corporation Service Company, 701 Brazos, St., Suite 1050, Austin, Texas 78701 as its agent for service of process.

15.    On information and belief, Defendant Conrad Hotels USA, Inc. ("Conrad USA") is a Delaware corporation with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Conrad USA has appointed The Prentice Hall Corporation System, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

16.    On information and belief, Defendant Conrad Hospitality, LLC. ("Conrad Hospitality") is a Delaware limited liability company with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Conrad Hospitality has appointed Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

17.    On information and belief, Defendant Conrad Hotels Worldwide, LLC ("Conrad Worldwide") is a Delaware limited liability company with its corporate headquarters and principal place of business at 9336 Civic Center Dr., Beverly Hills, California 90210. Conrad Worldwide has appointed Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

18.    On information and belief, Defendant Martha Stewart Living Omnimedia, Inc ("Martha Stewart") is a Delaware corporation with its principal place of business at 11 W. 42nd Street, New York, NY. Martha Stewart has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

19.    On information and belief, Defendant QVC, Inc. ("QVC") is a Delaware corporation with its principal place of business at 1200 Wilson Drive, West Chester, PA 19380, and is a subsidiary of Liberty.   QVC has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

20.    On information and belief, Defendant Red Hat, Inc. ("Red Hat") is a Delaware corporation with its principal place of business located at 1801 Varsity Drive, Raleigh, NC 27606. Red Hat has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

21.    On information and belief, Defendant Red Hat Middleware LLC ("Red Hat Middleware") is a Delaware limited liability company and a wholly owned subsidiary of Red Hat, Inc.  Red Hat Middleware has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

22.    On information and belief, Defendant Sharp Electronics Corporation ("Sharp Electronics") is a New York corporation with its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07430-2135.  Sharp Electronics is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St Paul Street, Dallas, Texas 75201, as its agent for service of process.

23.    On information and belief, Defendant Visa, Inc. ("Visa") is a Delaware corporation with its principal place of business located at 900 Metro Center Blvd, Foster City, CA 94404. Visa has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

24.    On information and belief, Defendant Visa U S A., Inc., a subsidiary of Visa, Inc., ("Visa USA") is a Delaware corporation with its principal place of business located at 900 Metro

6

Center Blvd, Foster City, CA 94404. Visa USA is qualified to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 as its agent for service of process.

25.    On information and belief, Defendant Wachovia Corp. ("Wachovia") is a North Carolina corporation with its principal place of business located at 301 South College Street, Suite 4000, One Wachovia Center, Charlotte, NC 28288. Wachovia has appointed Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603 as its agent for service of process.

## JURISDICTION AND VENUE

26.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

28.    On information and belief, Defendant BOA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29    On information and belief, Defendant BOA NA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute,

due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.    On information and belief, Defendant Delta is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.    On information and belief, Defendant Expedia is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32    On information and belief, Defendant Hotels.com is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.    On information and belief, Defendant Hotels.com LP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.    On information and belief, Defendant Hotels.com GP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.    On information and belief, Defendant TravelNow is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.    On information and belief, Defendant TripAdvisor is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37     On information and belief, Defendant Hilton Hospitality is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

38     On information and belief, Defendant Hilton is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

39     On information and belief, Defendant Hampton is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

40     On information and belief, Defendant Doubletree is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the

infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

41     On information and belief, Defendant Conrad USA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

42.     On information and belief, Defendant Conrad Hospitality is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District

43.     On information and belief, Defendant Conrad Worldwide is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

44.     On information and belief, Defendant Martha Stewart is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm

Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

45.     On information and belief, Defendant QVC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

46.     On information and belief, Defendant Red Hat is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

47.     On information and belief, Defendant Red Hat Middleware is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

48    On information and belief, Defendant Sharp Electronics is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

49.    On information and belief, Defendant Visa is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

50.    On information and belief, Defendant Visa USA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

51.    On information and belief, Defendant Wachovia is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,937,402**

52    Plaintiff is the owner by assignment of United States Patent No. 5,937,402 ("the '402 Patent") entitled "System for Enabling Access to a Relational Database from an Object Oriented Program." The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

53    Upon information and belief, Defendant BOA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, methods practiced on various BOA websites (including, without limitation to, bankofamerica.com) through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant BOA is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

54    Upon information and belief, Defendant BOA NA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various BOA NA websites

(including, but not limited to, bankofamerica com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant BOA NA is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

55.    Upon information and belief, Defendant Delta has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Delta websites (including, but not limited to, delta.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern Defendant Delta is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

56.    Upon information and belief, Defendant Expedia has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Expedia websites (including, but not limited to, expedia.com, hotels com, tripadvisor.com, travelnow.com and cruises net), through its uses of object oriented source code to employ objects that are populated with

information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Expedia is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

57.    Upon information and belief, Defendant Hotels.com has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hotels.com websites (including, but not limited to, hotels.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hotels.com is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

58.    Upon information and belief, Defendant Hotels.com LP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hotels.com LP websites (including, but not limited to, hotels.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with

16

object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hotels.com LP is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

59.    Upon information and belief, Defendant Hotels.com GP has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hotels.com GP websites (including, but not limited to, hotels.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hotels.com GP is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

60.    Upon information and belief, Defendant TravelNow has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various TravelNow websites (including, but not limited to, travelnow.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of

a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern  Defendant TravelNow is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

61     Upon information and belief, Defendant TripAdvisor has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various TripAdvisor websites (including, but not limited to, tripadvisor.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern  Defendant TripAdvisor is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

62.    Upon information and belief, Defendant Hilton Hospitality has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hilton Hospitality websites (including, but not limited to, hilton.com, embassysuites1.hilton.com, hamptoninn1.hilton.com, doubletree1.hilton.com, conradhotels1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema

object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hilton Hospitality is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

63    Upon information and belief, Defendant Hilton has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hilton websites (including, but not limited to, hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hilton is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

64.    Upon information and belief, Defendant Hampton has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Hampton websites (including, but not limited to, hamptoninn1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402

Patent to the injury of DataTern. Defendant Hampton is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

65.    Upon information and belief, Defendant Doubletree has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Doubletree websites (including, but not limited to, doubletree1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Doubletree is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

66.    Upon information and belief, Defendant Conrad USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Conrad USA websites (including, but not limited to, conradhotels1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402

Patent to the injury of DataTern. Defendant Conrad USA is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

67    Upon information and belief, Defendant Conrad Hospitality has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Conrad Hospitality websites (including, but not limited to, conradhotels1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Conrad Hospitality is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

68.    Upon information and belief, Defendant Conrad Worldwide has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Conrad Worldwide websites (including, but not limited to, conradhotels1.hilton.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402

Patent to the injury of DataTern. Defendant Conrad Worldwide is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271

69.     Upon information and belief, Defendant Martha Stewart has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Martha Stewart websites (including, but not limited to, marthastewart.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Martha Stewart is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

70.     Upon information and belief, Defendant QVC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various QVC websites (including, but not limited to, qvc.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant QVC is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

71    Upon information and belief, Defendant Red Hat has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and using methods, systems, and apparatuses covered by one or more claims of the '402 Patent to the injury of Plaintiff. For example, Defendant Red Hat is marketing, distributing, using and offering to provide support services for software in combination with development tools and/or toolsets, and incorporating the same into its middleware products. In addition, Defendant Red Hat has launched a website at seamframework.org, which "runs on Seam Wiki, an open source wiki/blog/forum/FAQ engine." Defendant Red Hat has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by methods practiced on various websites, including seamframework.org. Defendant Red Hat is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

72.    Upon information and belief, Defendant Red Hat Middleware has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and using methods, systems, and apparatuses covered by one or more claims of the '402 Patent to the injury of Plaintiff. For example, Defendant Red Hat Middleware is marketing, distributing, using and offering to provide support services for software in combination with development tools and/or toolsets, and incorporating the same into its middleware products. In addition, Defendant Red Hat Middleware has launched a website at seamframework.org, which "runs on Seam Wiki, an open

source wiki/blog/forum/FAQ engine." Defendant Red Mat Middleware has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by methods practiced on various websites, including seamframework.org. Defendant Red Hat Middleware is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

73.     Upon information and belief, Defendant Sharp Electronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Sharp Electronics websites (including, but not limited to, sharpusa.com and sharp-cart.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Sharp Electronics is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

74     Upon information and belief, Defendant Visa has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Visa websites (including, but not limited to, visa.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are

24

populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Visa is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

75     Upon information and belief, Defendant Visa USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Visa USA websites (including, but not limited to, visa.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Visa USA is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

76.     Upon information and belief, Defendant Wachovia has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various Wachovia websites (including, but not limited to, wachovia.com), through its uses of object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of

a logical table from a database) covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Wachovia is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

77. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied any with such requirements.

78. To the extent that facts learned in discovery show that Defendants' infringement of the '402 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

79. As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

80. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '402 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 Patent;

3    A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 Patent as provided under 35 U.S.C. § 284;

4.    An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.    Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**DATATERN LLC**

Dated: April 21, 2008

By: /s/Daniel F. Perez

Daniel F. Perez
Texas State Bar No. 15776380
The Perez Law Firm
6131 Park Lane
Dallas, Texas 75225
Telephone:      (214) 289-6659
E-mail:  dan@periziplaw.com

Patrick R. Anderson
Michigan Bar No. P68961
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg B-9
Suite 358
Flint, MI 48507
Telephone: 517-303-4806
Fax:       413-683-0614
E-mail: patrick@prapllc.com

Andrew W. Spangler
State Bar No. 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
(903) 753-9300 Office
(903) 553-0403 Fax
Email:  spangler@spanglerlawpc.com

**ATTORNEYS FOR PLAINTIFF
DataTern, Inc.**