**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| DATATERN, INC., | Civil Action No. 5:08-cv-00070 |
| Plaintiff, | Jury Demanded |
| BANK OF AMERICA CORP, et al., | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order.

Information subject to this Protective Order may be used only for the purposes of this litigation in which a protective order governing the confidentiality of designated documents and testimony and an order providing for the beginning of discovery has been entered (the "Related Litigations").

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

1

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information may presently be without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue.

IT IS, THEREFORE, ORDERED THAT:

1. Confidential Information, including documents, deposition testimony or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in this litigation (or by any third party or non-party) are referred to as "Protected Matters." Except as otherwise indicated below, all documents, deposition testimony or discovery responses designated by a producing party as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only") and which are disclosed or produced to the attorneys for a party to this litigation or to a party to one or more of the Related Litigations are Protected Matters and are entitled to confidential treatment as described below.

2. Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith must be held confidential to protect business or commercial interests. Protected Matters designated as "For Counsel Only" (or "Attorney's Eyes Only") shall be limited to material that the designating party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even

under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interests of the designating party.

3. Protected Matters shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

4. Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" that is in the form of computer source code (hereinafter referred to as "HIGHLY CONFIDENTIAL – SOURCE CODE") shall be subject to additional protections given Defendants' assertion of the particularly sensitive nature of the information. In the case of production of source code portions in electronic form, counsel shall comply with the following:

    A. Outside counsel of record shall maintain and store such material at their offices in a manner that prevents unauthorized access, including without limitation the following minimum safeguards:

        i. Any external media (e.g., hard drives, DVDs) containing source code must be kept in a locked safe or storage cabinet when not connected to or inserted in the nonnetworked computer for viewing. The external media must be disconnected from and/or removed from the non-networked computer and stored in such locked safe or cabinet when it is not actually being used to view the source code contained therein;

        ii. The non-networked computer and the safe or storage cabinet must be kept in a locked and secure room;

        iii. The locked room shall not be on the ground floor of the building. Access to the floor on which the locked and secure room is located is permitted only via a key (or card) system;

        iv. Each consultant, expert, or attorney will record on a log every page of source code that has been printed ("print logs");

        v. The non-networked computer and/or external media used to store the source code shall be password protected; and

        vi. The receiving party shall maintain and use PGP encryption software to protect the source code when said source code is not being accessed.

      vii. At the end of the case, any entity receiving source code will certify that: (a) all external media, print-outs, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) the hard drives of the non-networked computer and any other storage or memory media which may contain source code have been reformatted and destroyed; and (c) the access and print logs have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

B. One electronic copy of the source code portions shall be produced directly to outside counsel of record for the requesting party;

C. Each copy of the source code may be provided on or loaded onto a single, non-networked computer, respectively;

D. No electronic copies, other than volatile copies necessarily made in the course of loading and accessing the source code on the non-networked computer, shall be made;

E. Any paper copies of portions of source code that are printed shall be printed onto paper marked "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page;

F. The requesting party shall maintain a log of all individuals who have accessed the code and make the log available for inspection at the request of the producing party. The log shall include the name of the person who accessed the material, a description of the code that was accessed (by description or bates range), and the date that the access was made. Such log and any information from such log shall be inadmissible in this Action except in connection with proceedings before the Court regarding any alleged violations of this Protective Order; and

G. If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designating party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the designating party, with such approval not being unreasonably withheld. Notwithstanding the foregoing, if outside counsel of record occupies "war room" in or near Texarkana for purposes of trial preparation and trial, said counsel may store and access such source code at such room provided it is kept in a locked file behind a locked door and otherwise complies with the storage and access provisions provided in 4(A)(i), 4(A)(ii), 4(A)(iv), 4(A)(v), 4(A)(vi), and 4(A)(vii).

5. In the case of production of source code portions in non-electronic form, counsel shall comply with the following:

    A.    Outside counsel of record shall maintain and store such material at their offices in a manner that prevents unauthorized access;

    B.    One non-electronic copy of source code portions shall be produced directly to outside counsel of record for the requesting party;

    C.    No further copies of such entire source code portions shall be made, except for the preparation of exhibits for expert reports or filed pleadings; and

    D.    If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designating party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the designating party, with such approval not being unreasonably withheld. Notwithstanding the foregoing, if outside counsel of record occupy "war room" in or near Texarkana for purposes of trial preparation and trial, said counsel may store and access such source code at such room provided it is kept in a locked file behind a locked door.

    6.    Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, may be designated by any party (or by the third party disclosing any such Confidential information) as "Confidential" or "For Counsel Only" ("or Attorney's Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") and is subject to the provisions of this Order. Any party (or third party having disclosed such Confidential Information) may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorney's Eyes Only") for a period of fifteen (15) days after the receipt of the transcript. To

the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorney's Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

7. At any time after the delivery of Protected Matters, counsel for the party or parties receiving the Protected Matters may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Matters. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute. Upon the filing of such a motion by the receiving party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment. All Protected Matters are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

8. Protected Matters and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Protected Matters and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

A. Counsel of record in this litigation or a Related Litigation for the party or parties receiving Protected Matters;

B. House counsel for the parties, or house counsel for the affiliates, including parent corporations and subsidiaries, of the parties;

C. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

D. The Court;

E. Actual or potential independent experts or consultants (including translators) who have signed a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) and whose identity, as well as all present and prior relationships or affiliations, is provided to the party whose Protected Matters are to be disclosed for purposes of their making a reasonable objection prior to any disclosure of Protected Matters;

F. One party representative who shall be designated in writing by the party prior to any disclosure of Protected Matters to such person and who shall sign a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) prior to any disclosure of Protected Matters; and,

G. Personnel of graphics, litigation support and trial/jury consulting firms engaged by a party or its attorneys in connection with this litigation who have signed Exhibit A hereto prior to any disclosure of Protected Matters, as well as participants in focus groups and mock juries relating to this case, provided that they and their immediate family members are not employed by any of the Parties and that they have signed a confidentiality agreement prior to any disclosure of Protected Matters.

10. Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be restricted in circulation to Qualified Persons described in Paragraphs 9(A), 9(C) (excluding employees of 9(B)), 9(D) through (E), and 9(G) above.

11. Protected Matters and any information contained therein shall be used solely for the prosecution or defense of this litigation or a Related Litigation. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Where a third party has indicated that its documents contain Confidential Information or Attorneys Eyes Only information, such third party documents can be disclosed, made available to and discussed with Qualified Persons in a Related Litigation only if (a) the third

7

party has given consent in writing or by e-mail to such disclosure and a copy of the consent is supplied to counsel for the parties or (b) the documents are obtained pursuant to a subpoena. Information designated as '"For Counsel Only" (or "Attorney's Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 9(A), 9(C) through (E) and 9(G) above. Information designated as "For Counsel Only" (or "Attorney's Eyes Only") by an opposing party may also be disclosed to in-house counsel for each party as described in paragraph 9(B) above provided such in-house counsel are not involved in competitive decision-making. Competitive decision making means that the in-house counsel's activities, association and relationship with the client requires counsel to provide advice about or participate in the design or modification of an accused instrumentality, specifically, the manner in which an object oriented application interfaces with a relational database providing that nothing in this paragraph shall be read to prohibit in-house counsel from providing legal advice pertaining hereto. For the sake of clarity, advice regarding regulatory or privacy matters shall not constitute such competitive decision-making.

     12.    The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, of any verbatim transcript, in whole or in part, of such document or thing.

     13.    If a party objects to the disclosure of Protected Matters to an independent expert described in Paragraph 9(E), above, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection. Such objections shall not be unreasonably made. Service of the objections shall be made by personal delivery, facsimile, or by overnight delivery, and received within five (5) business days after the date of receipt of the identification of the independent expert. The parties shall meet and confer in good faith to resolve the disagreement. If the parties cannot agree on disclosure of Protected Matters to the

proposed independent expert, the objecting party shall have an additional five (5) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed independent expert. On any such motion, the objecting party shall have the burden of proof. No disclosure of Protected Matters may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

14. To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein.

15. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

17. If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL – SOURCE CODE," the producing party may subsequently inform the receiving party of the specific designation of the disclosed information, and the receiving party shall treat the disclosed information as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL – SOURCE CODE" information upon receipt of written notice from the producing party. To the extent the

receiving party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the receiving party shall promptly seek to collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the producing party.  Inadvertent or unintentional production of "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information which are not so designated shall not be deemed a waiver in whole or in part of a claim for treatment as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL – SOURCE CODE.".

      18.    The party or parties receiving Protected Matters shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matters or any information contained therein.

      19.    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of this litigation.

      20.    Upon final termination of this litigation by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Matters shall return the Protected Matters and all copies thereof to the counsel for the party or parties disclosing or producing the Protected Matters.

      21.    This Order shall be binding upon the parties and their attorneys, successors; executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22. Notwithstanding any other provisions of this Protective Order, under no circumstances shall any of Defendants' Protected Matters of a technical nature, or any information contained therein be disclosed to any person who is involved in the preparation or prosecution of any patent applications which claim priority, in whole or part, from any patents asserted in this litigation, and any continuations, continuations in part, reissues or divisionals that derive from the same. In addition, such persons shall be barred from any involvement, direct or indirect, in claim drafting or amendments in connection with reexamination proceedings for any patents asserted in this litigation, or for any continuation, continuation in part, reissue, or divisional patents that derive from the same. However, such persons shall not be barred from assisting or participating in responding to Patent Office rejections, if any, issued during such reexaminations, provided they comply with the restrictions in the previous sentence.

23. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

24. The Court and parties acknowledge that the law recognizes a common interest privilege and/or joint defense privilege under certain circumstances, and that such privileges may be applicable between these Defendants and Defendants in Related Litigations under certain circumstances. Nothing in this protective order shall be construed as diminishing, or enlarging, the scope of such privileges under the law, or construed that, by agreeing to this protective order, Orion agrees that the common interest privilege and/or joint defense privilege are applicable in any specific circumstances.

25. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers

11

filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information used therein shall be filed under seal with the Court.

26. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions aid other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information by a party to this action.

27. Nothing in this Order shall preclude any party to this litigation or a Related Litigation or their attorneys from (1) showing a document prepared prior to the filing of this action and designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") to an individual who appears as an author, addressee or recipient of a copy of the document on the document's face or (2) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential" or 'For Counsel Only" (or "Attorney's Eyes Only").

28. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of Confidential Information produced by another party or a third-party; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the Confidential Information.

29. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to

have occurred. Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the producing party. This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable law.

30. The parties agree that the only materials from the parties' expert witnesses that shall be subject to discovery are the final Expert Report and all materials considered or relied upon in connection with forming the expert's opinion and preparing the final Expert Report. No other material provided to or created by the expert, including attorney communications with the expert, the expert's notes, and draft reports, shall be subject to discovery unless there is an independent basis for its discovery, nor shall these materials be the subject of inquiry at trial.

31. The parties agree that they are not required to provide a privilege log for privileged or work product documents created on or after April 21, 2008, the filing date of this lawsuit.

Date: October 22, 2008          By:     _/s/ Daniel Francisco Perez_____
                                        Daniel Francisco Perez
                                        The Perez Law Firm
                                        6131 Park Lane
                                        Dallas, TX 75225
                                        Tel: 214-289-6659
                                        Fax: 214-521-1128
                                        Email: dan@pereziplaw.com

                                        Andrew Wesley Spangler
                                        Spangler Law PC
                                        208 N. Green St.
                                        Suite 300
                                        Longview, TX 75601
                                        Tel: 903-753-9300
                                        Fax: 903-553-0403
                                        Email: spangler@spanglerlawpc.com

                                                    Patrick Rolf Anderson
                                                    Patrick R. Anderson, PLLC
                                                    5281 Northwood Road
                                                    Grand Blanc, MI 48439
                                                    Tel: 517-303-4806
                                                    Email: patrick@prapllc.com

                                                    *Attorney for Plaintiff DataTern, Inc.*

Date: October 22, 2008                By:    __/s/ William Rooklidge_____
                                                    William C. Rooklidge
                                                    HOWREY LLP
                                                    4 Park Plaza, Suite 1700
                                                    Irvine, CA 92614-8557
                                                    Tel: 949.721.6900
                                                    rooklidgew@howrey.com

                                                    Gary J. Fischman
                                                    Thomas L. Casagrande
                                                    Joshua S. Wyde
                                                    HOWREY LLP
                                                    1111 Louisiana, 25th Floor
                                                    Houston, TX  77002
                                                    Tel: 713.787.1493
                                                    fischmang@howrey.com
                                                    casagrandet@howrey.com

                                                    *Attorney for Defendants Hilton Hotels Corp., Hilton Hospitality, LLC, Hampton Inns, LLC, Doubletree, LLC, Doubletree Hotels, LLC f/k/a Doubletree Hotels Corp., Conrad Hotels USA, Inc., Conrad Hospitality, LLC, and Conrad Hotels Worldwide, LLC*

Date: October 22, 2008                 By:   /s/ Robert P. Latham_____

                                                    Robert P. Latham (Lead Attorney)
                                                    Texas State Bar No. 11975500
                                                    John M. Jackson
                                                    Texas State Bar No. 24002340
                                                    JACKSON WALKER L.L.P.
                                                    901 Main Street, Suite 6000
                                                    Dallas, Texas  75202
                                                    (214) 953-6109
                                                    (214) 661-6645 - Fax
                                                    Email: blatham@jw.com
                                                    Email: jjackson@jw.com

Sean F. Rommel
State Bar No. 24011612
PATTON, ROBERTS, McWILLIAMS &
CAPSHAW, LLP.
2900 St. Michael Drive, 4th Floor
Texarkana, Texas 75503
Telephone: (903) 334-7000
Facsimile: (903) 334-7007

*Attorneys for Defendant QVC, Inc.*


Date: October 22, 2008           By:     __/s/ Stephen E. Baskin (by permission)_
William H. Boice
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Fax: (404) 815-6555

Stephen E. Baskin
KILPATRICK STOCKTON LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
Telephone: (202) 508-5899
Fax: (202) 585-0044

John C. Alemanni
Jon R. Pierce
KILPATRICK STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC 27104
Telephone: (336) 607-7300
Fax: (336) 607-7500

Lance Lee
Texas Bar No. 24004762
YOUNG, PICKETT & LEE
4122 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 794-1303
Fax: (903) 794-5098

*Attorney for Defendants Delta Airlines, Inc. and Wachovia Corporation*

Date:  October 22, 2008            By:    __/s/ Thomas M. Melsheimer_____
                                                    Thomas M. Melsheimer
                                                    Melsheimer@fr.com
                                                    Stephen E. Fox
                                                    sfox@fr.com
                                                    Thomas H. Reger II
                                                    reger@fr.com
                                                    FISH & RICHARDSON
                                                    1717 Main St., Suite 5000
                                                    Dallas, TX 75201
                                                    Tel: 214.747.5070
                                                    Fax: 214.747.2091

                                                    *Attorney for Defendants Bank of America Corp. and Bank of America, N.A.*

Date:  October 22, 2008            By:    __/s/ Marvin Craig Tyler_____
                                                    Marvin Craig Tyler
                                                    WILSON SONSINI GOODRICH & ROSATI PC
                                                    900 South Capital of Texas Highway
                                                    Las Cimas IV, Fifth Floor
                                                    Austin, TX 78746-5546
                                                    Tel: 512.338.5410
                                                    Fax: 512.338.5499
                                                    ctyler@wsgr.com

                                                    Tung-On Kong
                                                    WILSON SONSINI GOODRICH & ROSATI
                                                    One Market – Spear Tower
                                                    Suite 3300
                                                    San Francisco, CA 94105
                                                    Tel: 415.947.2016
                                                    Fax: 415.947.2099
                                                    tkong@wsgr.com

                                                    *Attorney for Defendants Expedia, Inc., Hotels.com, Hotels.com GP, LLC , Hotels.com, LP, Travelnow.com, Inc., Tripadvisor LLC*

Date:  October 22, 2008           By:     ___/s/ Robert W. Adams_____
                                                       Robert W. Adams
                                                       Nixon & Vanderhye P.C.
                                                       901 North Glebe Road
                                                       11th Floor
                                                       Arlington, VA  22203
                                                       Tel: 703.816.4022
                                                       Fax: 713.816.4100
                                                       rwa@nixonvan.com

                                                       *Attorney for Defendant Sharp Electronics Corp.*


Date:  October 22, 2008           By:     ___/s/ Lisa H. Myerhoff_____
                                                       Lisa H. Meyerhoff
                                                       Baker & McKenzie LLP
                                                       711 Louisiana, Suite 3400
                                                       Houston, TX  77002-2716
                                                       Tel: 713.427.5000
                                                       Fax: 713.427.5099
                                                       Lisa.H.Meyerhoff@Bakernet.com

                                                       *Attorney for Martha Stewart Living Omnimedia, Inc.*


**SIGNED this 23rd day of October, 2008.**

                                                       DAVID FOLSOM
                                                       UNITED STATES DISTRICT JUDGE